# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES FOSTER**                                                                 **PLAINTIFF**

v.                          Case No. 4:24-cv-00021-LPR

**UNITED SERVICES AUTOMOBILE**
**ASSOCIATION (USAA) and**
**ALLCAT CLAIMS**                                                                **DEFENDANTS**

## ORDER

Plaintiff Charles Foster's home suffered storm damage, and he filed an insurance claim with Defendants in April 2023 seeking payment for a roof replacement.[1]  When that claim was denied, Mr. Foster initiated this diversity breach-of-contract suit against Defendants seeking $350,000 in damages.[2]  Before the Court is USAA's motion to dismiss for lack of subject matter jurisdiction.[3]  Mr. Foster has not responded to the motion.  For the reasons stated below, USAA's motion to dismiss is GRANTED.

Federal courts are courts of limited jurisdiction.[4]  If the Court lacks subject matter jurisdiction over a case, then the complaint must be dismissed in its entirety.[5]  Generally speaking, the Court's subject matter jurisdiction over a case must be based on either federal question jurisdiction or diversity jurisdiction.[6]  This is such an important prerequisite to the exercise of a

---

[1] Compl. (Doc. 1) at 1–2.

[2] *Id.*

[3] Mot. to Dismiss (Doc. 6-1); *see* FED. R. CIV. P. 12(b)(1) & (h)(3).

[4] *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (internal quotation marks omitted).

[5] FED. R. CIV. P. 12(h)(3).

[6] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 (federal question) & 1332 (diversity).

federal court's power that the Court is required to examine the issue *sua sponte* if the Court has concerns that it might lack jurisdiction over a case.[7]

Federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States."[8] Because Mr. Foster's claims rest solely on state-law breach-of-contract principles, federal question jurisdiction does not exist.

Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[9] Although Mr. Foster seeks a sum that meets the amount-in-controversy requirement, complete diversity is lacking.[10] Mr. Foster is a citizen of Arkansas.[11] He fails to assert the Defendants' principal places of business and states of incorporation—prerequisites to establishing corporate citizenship for diversity purposes.[12] But we know USAA is a reciprocal insurance exchange with members in all fifty states.[13] As such, its citizenship is determined by that of its members.[14] And USAA has members in Arkansas.[15] That means

---

[7] *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024).

[8] 28 U.S.C. § 1331.

[9] 28 U.S.C. § 1332.

[10] The diversity statute "contains an important judicial gloss: the parties must be completely diverse from one another. *No* plaintiff can be a citizen of the same state as *any* defendant." *M&B Oil, Inc. v. Fed. Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (internal citations omitted) (emphases in original). Otherwise, diversity jurisdiction does not exist. *Great River Entm't, LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262–63 (8th Cir. 2023).

[11] Compl. (Doc. 1) at 1. Although the Complaint does not expressly include state-of-citizenship allegations, the Complaint does list Mr. Foster's address as a P.O. Box in Arkansas. Moreover, Mr. Foster's home at issue in this case is located in Little Rock, Arkansas. Additionally, Defendant USAA asserted that Mr. Foster is a citizen of Arkansas, and Mr. Foster did not challenge this assertion. Br. in Supp. of Mot. to Dismiss (Doc. 7-1) at 1. Finally, Mr. Foster sent Defendant USAA interrogatories from Little Rock. *See* Interrogatories (Doc. 9) at 1–2.

[12] Compl (Doc. 1); *see Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987).

[13] Br. in Supp. of Mot. to Dismiss (Doc. 7-1) at 3.

[14] *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (Diversity for "artificial entities other than corporations . . . depends on the citizenship of 'all [its] members.'" (internal citations omitted)); *see also Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 395 n.3 (2d Cir. 1974) ("[I]n a reciprocal insurance association[,] the members, by exchanging contracts of insurance, are both the insurers and the insureds.").

[15] Br. in Supp. of Mot. to Dismiss (Doc. 7-1) at 3.

Mr. Foster and USAA are not diverse.[16]  Accordingly, USAA's Motion to Dismiss (Doc. 6) is GRANTED.  This case is DISMISSED without prejudice.

IT IS SO ORDERED this 10th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *Lewis v. United Servs. Auto. Ass'n*, 45 F.3d 433, at *1 (8th Cir. 1994) (*per curiam*) (unpublished table opinion) (concluding that USAA is a "citizen of the states of each of its members").